Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| YADIEL OMAR FRANCO DÍAZ<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, ET ALS<br><br>Apelados | KLAN202400008 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número: BY2023CV01366<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de marzo de 2024.

Comparece la parte peticionaria, Yadiel O. Franco Díaz, mediante el recurso de epígrafe y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 29 de noviembre de 2023, notificada al día siguiente. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la solicitud de sentencia sumaria promovida por la parte peticionaria.

Toda vez que el recurso de epígrafe versa sobre la revisión de una resolución de naturaleza interlocutoria, acogemos el mismo como un *certiorari* y conservamos el alfanumérico para propósitos administrativos.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 9 de marzo de 2023, Yadiel O. Franco Díaz (Franco Díaz o peticionario) incoó una *Demanda* sobre impugnación de confiscación en contra del Estado Libre Asociado de Puerto Rico (ELA o recurrido), por conducto del Secretario del Departamento de Justicia de Puerto Rico, el Negociado de la Policía de Puerto Rico (Policía), por conducto del

Número Identificador

RES2024 _____

Comisionado de la Policía, y la Junta de Confiscaciones de Puerto Rico, por conducto de su Directora Administrativa.[1] Indicó que, el 23 de enero de 2023, un agente de la Policía le ocupó su vehículo marca Ford, modelo Mustang, con tablilla IOC-511 del año 2015, registrado a su nombre en el Registro de Vehículos del Departamento de Transportación y Obras Públicas de Puerto Rico (DTOP). Señaló que dicha ocupación respondía a presuntas violaciones al Artículo 5.06 de la Ley Núm. 22-2000, según enmendada, conocida como la *Ley de Vehículo y Tránsito de Puerto Rico*, 9 LPRA sec. 5126 (Ley de Tránsito), según surgía de la carta de notificación de confiscación, en la cual le informaron que la orden en cuestión fue emitida el 6 de febrero de 2023. Alegó que tal intervención fue ilegal y representaba un acto contrario a derecho, inconstitucional e injustificado. Negó que la propiedad ocupada estuviera conectada con la comisión de delito alguno. Sobre ese particular, sostuvo su inocencia de los delitos imputados y planteó que aún no se habían dilucidado ni encontrado culpable de los hechos de los cuales se le acusaba. En virtud de ello, por la alegada ilegalidad de la confiscación, adujo que correspondía que la Junta de Confiscaciones le devolviera el vehículo ocupado.

Por su parte, el 28 de junio de 2023, el ELA presentó su alegación responsiva, en la cual, en esencia, negó los planteamientos esbozados en su contra.[2] En lo pertinente, alegó que la confiscación realizada fue en el ejercicio de un deber ministerial, hecho de buena fe, con la autoridad que le confería la Ley Núm. 119-2011, según enmendada, conocida como la *Ley Uniforme de Confiscaciones de 2011*, 34 LPRA sec. 1724 *et seq.* (Ley de Confiscaciones). Señaló que se presumía la legalidad y corrección de la confiscación independientemente de cualquier otro caso penal, administrativo o cualquier otro procedimiento relacionado a los mismos hechos. Sobre ello, abundó que la naturaleza de las confiscaciones era *in rem*, independiente de cualquier otra acción de naturaleza penal,

---

[1] Apéndice 1 del recurso, págs. 21-24.
[2] Apéndice 2 del recurso, págs. 25-29.

administrativa u otra. A su vez, indicó que Franco Díaz tenía el peso de la prueba para derrotar la legalidad de la confiscación.

Celebrada la vista de legitimación activa,[3] el 19 de octubre de 2023, Franco Díaz instó una *Moción del Demandante para que se Dicte Sentencia Sumaria*.[4] En síntesis, adujo que el proceso criminal celebrado en su contra culminó mediante *Sentencia* del 5 de junio de 2023, con una determinación de culpabilidad por la comisión del delito tipificado en el Artículo 5.07 de la Ley de Tránsito, 9 LPRA sec. 5127, el cual no disponía sobre la ocupación del vehículo. Especificó que había suscrito libre y voluntariamente un acuerdo con el Ministerio Público de reclasificación del delito originalmente imputado. Sostuvo que inicialmente se le había denunciado por un delito bajo el Artículo 5.06 de la Ley de Tránsito, *supra*, que aparejaba la confiscación, pero que este había sido reclasificado –con su alegación de culpabilidad– a uno menos grave que no proveía para la acción de confiscación. Sobre ese particular, arguyó que, si la propiedad confiscada no tenía conexión con la comisión de un delito que por ley autorizara la confiscación, no había razón para que el ELA la continuara ocupando. Reiteró que era un hecho incontrovertible que el vehículo confiscado no se había utilizado en la comisión del delito tipificado en el precitado Artículo 5.06, para los efectos de la presente acción de impugnación. Planteó que, al no existir la comisión del referido delito, se perdió el fundamento legal para efectuar la confiscación que solicitaba el ELA, por lo que procedía la devolución del vehículo confiscado.

En respuesta, el 17 de noviembre de 2023, el ELA se opuso.[5] En esencia, argumentó que Franco Díaz no había demostrado la existencia de

---

[3] El 12 de septiembre de 2023, el foro primario determinó que Franco Díaz tenía legitimación activa para continuar con la acción de epígrafe. Véase, Apéndice 3 del recurso, págs. 30-31.

[4] Apéndice 4 del recurso, págs. 32-42. Junto a su escrito, Franco Díaz presentó el siguiente documento: copia de la *Sentencia* del Caso Criminal Núm. D MG2023M0027, con fecha del 5 de junio de 2023. Véase, Apéndice 7 del recurso, pág. 58.

[5] Apéndice 5 del recurso, págs. 43-51. El ELA acompañó su moción con los siguientes documentos: (1) copia de la *Sentencia* del Caso Criminal Núm. D MG2023M0027, con fecha del 5 de junio de 2023; (2) copia de la *Orden de Confiscación* del 6 de febrero de 2023, con firma de recibo y tasación del 8 de febrero de 2023; (3) copia de la *Denuncia* del Caso Núm. 2023-07-199-00115, con fecha del 6 de febrero de 2023. Véase, Apéndice 7 y 8 del recurso, págs. 58-59. Véase, además, Anejos de la Entrada Núm. 23 del Caso

una adjudicación expresa en el proceso penal instado en su contra por violación al Artículo 5.06 de la Ley de Tránsito, *supra*, en la cual se haya determinado que el vehículo cuya confiscación se impugnaba no fue utilizado en la comisión de algún delito. Sostuvo que, a falta de dicha determinación expresa, no procedía la aplicación de la doctrina de impedimento colateral por sentencia. Por el contrario, alegó que correspondía que Franco Díaz presentara prueba que derrotara la presunción de legalidad de la confiscación, la cual se debía mantener vigente conforme a nuestro ordenamiento jurídico. En virtud de ello, solicitó que se declarara No Ha Lugar la moción de sentencia sumaria instada por Franco Díaz y se ordenara la continuación de los procedimientos.

Evaluadas las posturas de las partes, el 29 de noviembre de 2023, notificada al día siguiente, el Tribunal de Primera Instancia emitió la *Resolución* que nos ocupa.[6] En esta, desglosó las siguientes determinaciones de hechos:

1. El demandante Yadiel Omar Franco Díaz fue objeto de una intervención policial el 23 de enero del 2023 en Bayamón, Puerto Rico.

2. A raíz de esta intervención por alegada infracción al Artículo 5.06 de la Ley Núm[.] 22-2000, conocida como la Ley de Vehículos y Tránsito de Puerto Rico, según enmendada, se le ocupó el automóvil Marca Ford, modelo Mustang, tablilla IOC-511, el cual es propiedad del demandante.

3. El demandante fue notificado de la confiscación el 13 de febrero de 2023, dentro del término provisto por la Ley Uniforme de Confiscaciones de 2011, según enmendada.

4. La Orden de Confiscación fue emitida el 6 de febrero de 2023 y la Certificación de la Inspección de Vehículos de Motor y Equipo Pesado fue expedida el día 3 de febrero de 2023.

5. El demandante Sr. Franco Díaz fue citado el 22 de febrero de 2023 para la celebración de la vista de determinación de causa al amparo de la Regla 6 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 6. Luego de celebrada la vista y escuchada la prueba del Estado, el Honorable Tribunal determinó causa probable por infracción al Artículo 5.06 de la Ley [Núm.] 22-200, supra.

---

Núm. BY2023CV01366 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[6] Apéndice 6 del recurso, págs. 52-57.

6. El juicio en su fondo para el caso D MG2023M0027 se celebró el 5 de junio de 2023. En esa misma fecha[,] se le anunció al Honorable Tribunal que el Sr. Yadiel Omar Franco Díaz llegó a un preacuerdo con el Ministerio Público mediante el cual se declaró culpable de infringir el Artículo 5.07 de la Ley [Núm.] 22-2000, supra, siendo sentenciado al pago de una multa de mil dólares ($1,000.00).

7. En el ámbito penal, el demandante no fue encontrado culpable por infringir el Artículo 5.06 de la Ley Núm[.] 22-2000.

8. El demandante tiene legitimación activa para instar y continuar con la acción de autos.[7]

En síntesis, el foro primario determinó que existía controversia sobre si Franco Díaz había logrado rebatir la presunción de legalidad y corrección de la confiscación en cuestión. Expresó que, contrario a lo propuesto por Franco Díaz, la *Sentencia* del Caso Núm. D MG2023M0027 en nada aludía a que el vehículo confiscado no se utilizó en la comisión del delito imputado. Asimismo, concluyó que Franco Díaz no demostró la existencia de una adjudicación expresa en el proceso penal instado en su contra por violación a la Ley de Tránsito, *supra*, en la cual se haya determinado que el vehículo cuya confiscación se impugnaba no fue utilizado en la comisión del delito. Por ello, determinó que, conforme a lo dispuesto en el Artículo 8 de la Ley de Confiscaciones, 34 LPRA sec. 1724e, no aplicaba la doctrina de impedimento colateral por sentencia propuesta por Franco Díaz en el caso de autos. Por último, señaló que el Artículo 15 de la Ley de Confiscaciones, 34 LPRA sec. 1724l, expresamente establecía que la legalidad y corrección de la confiscación se presumía, independientemente de cualquier otro caso criminal relacionado a los mismos hechos, y que Franco Díaz tenía el peso de la prueba para derrotar la legalidad de la confiscación. En vista de ello, declaró No Ha Lugar la solicitud de sentencia sumaria promovida por Franco Díaz.

Inconforme con dicha determinación, el 2 de enero de 2024, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y realizó el siguiente señalamiento de error:

---

[7] Apéndice 6 del recurso, págs. 52-53.

Erró el Tribunal de Primera Instancia, Sala [Superior] de Bayamón[,] al no resolver sumariamente, amparándose en la inaplicabilidad de la doctrina de impedimento colateral por sentencia, según dispuesto por la Ley [Núm.] 119-2011 en evidente menoscabo a la primacía del derecho constitucional al disfrute de la propiedad y del debido proceso de ley.

En cumplimiento con nuestra *Resolución* del 12 de enero de 2024, la parte recurrida compareció mediante *Alegato en Oposición* el 12 de febrero del mismo año.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co*., 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B**

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Serrano Picón v. Multinational Life Ins.*, 2023 TSPR 118, 212 DPR ___ (2023); *Oriental Bank v. Caballero García*, 2023 TSPR 103, 212 DPR ___ (2023); *González Meléndez v. Mun. San Juan et al.*, 2023 TSPR 95, 212 DPR ___ (2023); *Acevedo y otros v. Depto. Hacienda y otros*, 2023 TSPR 80, 212 DPR ___ (2023); *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia

material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964 (2022). Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.*, supra. Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, supra, pág. 8; *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019). Si la parte promovente de la moción incumple

con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*,* pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra*, la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos prevalece la parte promovida. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador o juzgadora debe actuar

guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.*, supra. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Oriental Bank v. Caballero García,* supra, pág. 7; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Ahora bien, el Foro de última instancia ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Íd.* Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.* No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. y otro v. ELA y otros*, supra.

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de

Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *Birriel Colón v. Econo y otros*, 2023 TSPR 120, 213 DPR ___ (2023); *Serrano Picón v. Multinational Life Ins.*, supra; *González Meléndez v. Mun. San Juan et al.*, supra; *González Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019). Por ello, nuestra revisión es una *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, así como de su jurisprudencia interpretativa. *González Meléndez v. Mun. San Juan et al.*, supra. A tenor con la referida normativa, dicha revisión se realizará de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el foro de origen y realizando todas las inferencias permisibles a su favor. *Birriel Colón v. Econo y otros*, supra; *Meléndez González et al. v. M. Cuebas*, supra, pág. 118. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *González Meléndez v. Mun. San Juan et al.*, supra.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

En síntesis, la parte peticionaria sostiene que el Tribunal de Primera Instancia incidió al no resolver sumariamente la acción de epígrafe. Argumenta que al caso de autos le es aplicable la doctrina de impedimento colateral por sentencia, conforme a lo dispuesto por la Ley de

Confiscaciones, *supra*. De igual forma, plantea que el foro primario erró al declarar No Ha Lugar su petitorio sumario, pues ello constituye un evidente menoscabo a la primacía del derecho constitucional al disfrute de la propiedad y del debido proceso de ley.

Hemos evaluado el recurso de epígrafe conforme exige la normativa antes expuesta con particular atención a los criterios que le corresponde utilizar al Tribunal de Apelaciones al momento de revisar determinaciones del foro de instancia, según *Meléndez González et al. v. M. Cuebas,* supra. Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre el planteamiento que la parte peticionaria propone ante este Foro, concluimos que la sala de origen no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la solicitud de sentencia sumaria promovida por la parte peticionaria, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar *de novo* los documentos que nos ocupan, coincidimos con que, al adjudicar el asunto, el Tribunal de Primera Instancia actuó de conformidad con las normas que prevalecen en la materia que atendemos. Ello, nos hace concluir que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones